DANIEL G. BOGDEN
United States Attorney
STEVEN W. MYHRE
Assistant United States Attorney
333 Las Vegas Blvd., South, Ste. 5000
Las Vegas, Nevada 89101
Tel: (702) 388-6298
Fax: (702) 388-6298

Attorneys for the United States

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:12-cr-00400-MMD-GWF |
| Plaintiff, | ~~3:12-cr-00400-MMD-GWF~~ |
| vs. | |
| STEVEN E. JONES, THOMAS A. CECRLE, Jr., CONSTANCE C. FENTON, TERRY J. WOLFE, MARK L. HANSEN, and ASHLEE M. MARTIN, | **STIPULATION AND PROTECTIVE ORDER** |
| Defendants. | |

The United States, by and through the United States Attorney for the District of Nevada, and the defendants Steven E. JONES, Thomas A. CECRLE, Jr., Constance C. FENTON, Terry J. WOLFE, Mark L. HANSEN, and Ashlee M. MARTIN, by and through their undersigned counsel, respectfully move for the entry of a Protective Order governing discovery in this matter in accord with the following Stipulation.

**STIPULATION**

Whereas, the parties recognize that various federal and state laws and regulations extend protections and limitations regarding the use, disclosure or publication of information associated

1  with the privacy and identity of an individual, including, but not limited to, social security number,
2  date of birth, address, telephone number, driver's license number, financial information, banking
3  information, and tax information, which is hereinafter collectively referred to as "Protected
4  Personal Information" ("PPI").
5      Whereas, the parties recognize that discovery in the above-captioned case is likely to be
6  voluminous and may include documents and other evidence containing PPI of the defendants
7  and/or third parties.
8      Whereas, the parties desire to provide for the timely and expeditious exchange of
9  discovery while simultaneous guarding against the inappropriate use, disclosure, or publication of
10 any PPI associated with any party or third party.
11     Whereas, in light of the above, the parties have conferred on this matter and have reached
12 agreement on the exchange and handling of PPI.
13     **IT IS HEREBY STIPULATED AND AGREED** by and between the undersigned
14 parties, as follows:
15     1.  Documents containing PPI will be referred to as "Protected Documents."
16     2.  The government may produce Protected Documents to the defendant in discovery
17 without redacting PPI.
18     3.  Access to Protected Documents produced by the government will be restricted to
19 the defendants, attorneys for the defendants, and any agents, contractors, or employees acting on
20 behalf of the defendants and/or their attorneys in connection with the above-captioned matter
21 (hereinafter referred to collectively as "Authorized Person(s)").
22     4.  Attorneys for the defendants will ensure that all Authorized Persons receive a copy
23 of this Stipulation and are familiar with its terms and conditions.
24     5.  Unless otherwise Ordered by the Court, an Authorized Person shall not:
25         a.  grant or permit access to Protected Documents by any non-Authorized
26             Person.

      b.    allow or permit any non-Authorized Person to read, review, or reproduce any Protected Document.

      c.    distribute any Protected Document, by any means, to any non-Authorized Person.

      d.    use or disclose Protected Documents, and any PPI contained therein, for any purpose other than in connection with the defense of the above-captioned matter.

      e.    use or disclose a Protected Document in connection with any pleadings or proceedings in the above-captioned matter without first redacting any PPI, unless the PPI is directly relevant to the matter at issue.

      f.    use or disclose PPI in connection with any pleadings or proceedings in the above-captioned matter, unless the PPI is directly relevant to the matter at issue.

6.   Upon conclusion of the above-captioned matter, each defendant's attorney shall return any and all copies of Protected Documents to the attorneys for the United States, or provide them with written certification that the Protected Documents have been destroyed.

7.   Nothing in the agreement shall be deemed an admission of the evidentiary admissibility or inadmissibility of any Protected Document in any subsequent proceeding.

WHEREFORE, the undersigned respectfully request that the Court accept and enter this Stipulation as the Protective Order governing discovery in this case.

Respectfully submitted,

DANIEL G. BOGDEN
United States Attorney

\_\_\_\_\_/s/_____     \_\_\_\_\_1/2/2013_____
STEVEN W. MYHRE                              Date
Assistant United States Attorney

\_\_\_\_\_/s/_____     \_\_\_\_\_12/12/2012_____
ROBERT M. DRASKOVICH                         Date
Counsel for defendant
STEVEN E. JONES

\_\_\_\_\_/s/_____     \_\_\_\_\_1/2/2013_____
WILLIAM CARRICO                              Date
Counsel for defendant
THOMAS CECRLE, Jr.

\_\_\_\_\_/s/_____     \_\_\_\_\_12/12/2012_____
LANCE M. HESTER                              Date
MICHAEL R. PANDULLO
Counsel for defendant
CONSTANCE C. FENTON

\_\_\_\_\_/s/_____     \_\_\_\_\_12/13/2012_____
JESS MARCHESE                                Date
Counsel for defendant
TERRY WOLFE

\_\_\_\_\_/s/_____     \_\_\_\_\_12/19/2012_____
GABRIEL GRASSO                               Date
Counsel for defendant
MARK HANSEN

\_\_\_\_\_/s/_____     \_\_\_\_\_12/14/2012_____
CRAIG W. DRUMMOND                            Date
Counsel for defendant
ASHLEE MARTIN

IT IS SO **ORDERED**:

    this __4th__ day of January, 2013.

_____
UNITED STATES MAGISTRATE JUDGE