1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

KEVIN R. STOLWORTHY, ESQ.
Nevada Bar No. 2798
CONOR P. FLYNN, ESQ.
Nevada Bar No. 11569
ARMSTRONG TEASDALE LLP
3770 Howard Hughes Parkway, Suite 200
Las Vegas, Nevada 89169
Telephone:  702.678.5070
Facsimile:  702.878.9995
kstolworthy@armstrongteasdale.com
cflynn@armstrongteasdale.com

Attorneys for Defendant Terry J. Wolfe

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>          vs.<br><br>STEVEN E. JONES;<br>THOMAS A. CECRLE, JR.;<br>CONSTANCE C. FENTON;<br>TERRY J. WOLFE;<br>MARK L. HANSEN;  and<br>ASHLEE M. MARTIN,<br><br>                    Defendants. | CASE NO. 2:12-cr-400-MMD-GWF<br><br><br>**ORDER APPOINTING RUSSELL M. AOKI AS COORDINATING DISCOVERY ATTORNEY** |

Russell M. Aoki is hereby appointed as Coordinating Discovery Attorney for the defendants. His duties are defined within this Order, along with the basis for his appointment.

Six defendants are charged with: Conspiracy; Fraud by Wire and Aiding and Abetting; Securities Fraud and Aiding and Abetting; Conspiracy to Commit Money Laundering Money Transactions in Property Derived from Specified Unlawful Activity and Aiding and Abetting; Laundering of Monetary Instruments. The indictment specifically sets out:

> As part of the scheme and artifice, defendant **CECRLE** constructed a false story that he held a special position with the United States government with access to public officials and secret government programs.  He falsely represented that by virtue of his position and access, he had obtained exclusive and valuable rights and interests in property, including water

1

rights in Northern Arizona, rights to land on the Las Vegas strip, and rights and access to war bonds from the World War I era.  Defendant **CECRLE** further represented falsely that these rights and interests would be fully secured only if he obtained a short-term loan or investment of cash which he falsely promised to repay at a rate of return in excess of several thousand percent…

As a further part of the scheme and artifice, the defendants worked together to advance and perpetuate the false pretense that defendant **CECRLE** was who he purported to be and that the fraudulent investments in fact existed. Using the mail, telephones, interstate wires, the internet, banks and other means and instrumentalities of interstate commerce, the defendants advertised, solicited, and promoted their fraudulent scheme to victims across the United States.

Indictment, Docket #1.

The number of defendants and volume of discovery are so large a risk of costly duplicative efforts could otherwise be eliminated, reduced, or contained upon the appointment of a Coordinating Discovery Attorney.  Further, there may be unusual organizational or technical issues involved with the production, review and distribution of the discovery that could interfere with defense counsel's ability to address the legal and factual issues.

The Coordinating Discovery Attorney shall oversee any discovery issues that are common to all of the defendants.  The Coordinating Discovery Attorney shall address discovery issues to avoid potential duplicative costs that would be incurred if defense counsel employed support services or staff to organize the discovery.  The Coordinating Discovery Attorney shall assess the most effective and cost-efficient manner in which to organize the discovery, utilizing methods such as a discovery index or database that will benefit all defendants.  The Coordinating Discovery Attorney shall seek input from defense counsel on general discovery issues.

Discovery issues specific to any particular defendant shall be addressed by defense counsel directly with the Government and not through the Coordinating Discovery Attorney.

Within thirty (30) days from the date of this Order, the Coordinating Discovery Attorney shall meet and confer with the Government to discuss the production of discovery in accordance with the *Recommendations for Electronically Stored Information (ESI) Discovery Production in Federal Criminal Cases,* co-authored by the Department of Justice (DOJ) and Administrative Office (AO) of the U.S. Courts' Joint Working Group on Electronic Technology in the Criminal Justice System

(JETWG).  *http://www.fd.org/docs/litigation-support/final-esi-protocol.pdf*.  *See Principles 2, 3, 4, 5, 6 and 7.*

Unless otherwise agreed by the parties, the Government shall provide discovery to the Coordinating Discovery Attorney for distribution to defense counsel to avoid delay in distribution. The Coordinating Discovery Attorney shall duplicate and distribute the discovery to all defense counsel.  The Government shall work with the Coordinating Discovery Attorney to provide discovery in a timely manner.

The Government shall maintain a record of the discovery transmitted to Mr. Aoki in accordance with Principle 7 of the Recommendations for ESI Discovery Production.

The Government shall not receive a copy of or gain access to Mr. Aoki's work product.

Defense counsel may still require support services depending on the particular needs of their case, but prior to petitioning for any support staff funds, defense counsel must confer with the Coordinating Discovery Attorney to determine whether such services are already being addressed or could be addressed in whole or in part.

The Coordinating Discovery Attorney shall petition this Court, ex parte, for funds for staffing or outside services and shall monitor all vendor invoices.  All petitions shall include a basis for the requested funds and a determination that the costs of the services are reasonable.  The Coordinating Discovery Attorney shall also review all vendor invoices to ensure that invoiced costs are for work previously agreed to be performed.

IT IS ORDERED this ____12th____ day of _____June_____, 2013.


_____
GEORGE FOLEY, JR.
United States Magistrate Judge

3