1

2

3

4

5                    **UNITED STATES DISTRICT COURT**

6                           **DISTRICT OF NEVADA**

7

8    UNITED STATES OF AMERICA,                )
                                              )
9                    Plaintiff,               )    Case No. 2:12-cr-00400-APG-GWF
                                              )
10   vs.                                      )    **ORDER**
                                              )
11   STEVEN E. JONES, TERRY J. WOLFE, et al., )    **Motion for Bill of Particulars**
                                              )    **(Dkt. #105); Joinder (Dkt. #106)**
12                   Defendant.               )
                                              )
13   _____)

14          This matter is before the Court on Defendant Steven E. Jones' Motion for Bill of Particulars

15   (#105), filed on August 5, 2013.  Co-defendant Terry J. Wolfe filed his Joinder in Defendant Jones'

16   Motion for Bill of Particulars (#106) on August 5, 2013.  The Government filed its Response to

17   Defendants' Motion for Bill of Particulars (# 111) on September 13, 2013.  Defendant Wolfe filed

18   his Reply to the Government's Response (#112) on September 19, 2013.  Defendant Jones filed his

19   Reply to the Government's Response (#117) on October 7, 2013.  The Court conducted a hearing in

20   this matter on October 31, 2013.

21                              **BACKGROUND**

22          Count One of the Indictment charges all of the Defendants with conspiracy to commit wire

23   fraud in violation of 18 U.S.C. § 1349 which allegedly occurred between September 2002 and

24   October 2012.  Counts Two through Seven charge the Defendants with wire fraud in violation of 18

25   U.S.C. § 1343, consisting of individual wire transmissions between December 13, 2007 and May 8,

26   2011.  Count Eight charges the Defendants with securities fraud in violation of 15 U.S.C. § 78j(b)

27   which also allegedly occurred between September 2002 and October 2012.  Count Nine charges

28   Defendants with conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h),

which also allegedly occurred between September 2002 and October 2012.  Counts Ten and Eleven charge Defendants with money transactions in property derived from specific unlawful activity, which occurred respectively on January 1, 2008 and January 7, 2008, in violation of 18 U.S.C. § 1957.  Counts Twelve through Twenty charge Defendants with the laundering of money instruments in violation of 18 U.S.C. § 1956(a)(1)(B)(i), involving cash withdrawals or deposits between November 16, 2007 and December 2, 2011.

The focus of Defendants Jones' Wolfe's requests for a bill of particulars is on the conspiracy and securities fraud charges and paragraphs 7-17 of the indictment which describe the alleged fraudulent scheme.  The indictment states that beginning in or around September 2002 and continuing to on or about October 2012, the Defendants engaged in a scheme to defraud others by obtaining money and property by means of materially false and fraudulent pretenses, representations, half-truths and promises.  More specifically, the Indictment alleges that Defendant Thomas Cecrle constructed a false story that he held a special position with the United States Government with access to public officials and secret government programs.  He falsely represented to victims that by virtue of his position and access, he had obtained exclusive and valuable rights in property, including water rights in Northern Arizona, rights to land on the Las Vegas strip, and rights and access to war bonds from the World War I era.  The indictment alleges that Cecrle falsely represented that these rights and interests could be fully secured only if he obtained a short term loan or investment of cash which he promised to repay at a rate of return in excess of several thousand percent.  The indictment alleges that no such property rights or interests existed and that the Defendants converted the monies received from victims to their personal uses. *Indictment (#1)*, ¶¶ 7-10.

The indictment further alleges that Defendants typically solicited odd sums of money in amounts less than $10,000 as loans or investments and claimed the money was needed urgently. The Defendants requested that the victims advance the money to them through wire transfers, prepaid credit cards, direct bank deposits, or intra-bank account transfers.  The indictment alleges that Defendants established and maintained at least 10 bank accounts through which they moved and laundered the fraudulent proceeds.  To conceal the scheme, Defendants typically deposited and

withdrew funds from financial institutions in amounts less than $10,000 to avoid the currency

transaction reporting requirements.  *Indictment (#1)*, ¶¶ 11-12.

As to Defendant Steven Jones' alleged role in the conspiracy, the indictment alleges as

follows:

13.    As a further part of the scheme and artifice, when victims questioned the legitimacy of the high yield investment or when none of the money was repaid as promised, the defendants lulled investors into a false sense of security by referring the victims to defendant **JONES**, a sitting Nevada district court judge. The defendants told potential and disgruntled investors that defendant **JONES** knew of defendant **CECRLE** and the investments, approved them and vouched for him.  Thereafter, defendant **JONES** met with investors in chambers, over the telephone, and elsewhere and, using his office as district judge, knowingly vouched for defendant **CECRLE** and the high yield investment programs, assuring investors that the scheme was sound, when he knew full well that other investors had never been paid and that defendant **CECRLE** and the scheme were a fraud.

14.    As a further part of the scheme and artifice, defendant **JONES** used his position as a district judge to intervene on behalf of defendant **CECRLE** with disgruntled investors to prevent or delay legal process against defendant **CECRLE** and thus allow him to continue the scheme.  Defendant **JONES** also drafted and reviewed documents associated with the sham investments in an attempt to lend some indicia of legitimacy to the otherwise fraudulent scheme and to lull investors into a false impression that the scheme was legitimate.

15.    As a further part of the scheme and artifice, defendant **JONES** used his position as a district judge to act as a middleman for defendant **CECRLE**, fielding telephone calls for him in chambers and receiving cash proceeds from the fraudulent scheme at the courthouse where he presided over cases.  During the course of the scheme, defendant **JONES** established and maintained a joint bank account with defendant **CECRLE** through which they received and laundered in excess of $250,000 in proceeds from the fraud.

The indictment provides less detail regarding Defendant Wolfe's alleged involvement in the

fraudulent scheme.  It alleges as follows:

16.    As a further part of the scheme and artifice, defendants **FENTON, WOLFE, HANSEN** and **MARTIN** used the telephone, mail, internet, and other means and instrumentalities of interstate commerce to solicit money, lull investors, direct the movement of money, pick up and deliver money, establish and maintain bank accounts through which to move money, and to otherwise maintain the false and fraudulent pretense that defendant **CECRLE** was who he purported to be and that the fraudulent investments in fact existed.

17.    It was further part of the scheme and artifice to defraud that the defendants made such other false, fraudulent, deceptive and deceitful

representations as necessary to advance their fraudulent scheme,
concealtheir fraudulent activities from others, avoid detection, enrich
themselves and cause devastating losses to their victims.

Count Seven of the indictment further charges Defendants with wire fraud in regard to a

Western Union Wire of $1,550 to Defendant Terry Wolfe on May 8, 2011.  ¶ 23.  Count Fifteen

charges the Defendants with the laundering of monetary instruments in regard to a cash withdrawal

of $5,200 from "Wolfe Bank of America Acct. ###682" on May 27, 2008.  ¶ 34.  Counts Twelve

and Fourteen make similar charges in regard to the withdrawal of cash from the "Jones/Cecrle

Wells Fargo Acct. ###421" on November 16, 2007 and January 8, 2008.  *Id.*

## DISCUSSION

Rule 7(f) of the Federal Rules of Criminal Procedure states:

The court may direct the government to file a bill of particulars.  The
defendant may move for a bill of particulars before or within 14 days
after arraignment or at a later time if the court permits.  The
government may amend a bill of particulars subject to such
conditions as justice requires.

"The bill of particulars has three functions: 'to inform the defendant of the nature of the

charge against him with sufficient precision to enable him to prepare for trial, to avoid or minimize

the danger of surprise at the time of trial, and to enable him to plead his acquittal or conviction in

bar of another prosecution for the same offense when the indictment is itself too vague, and

indefinite for such purposes.'"  *United States v. Giese*, 597 F.2d 1170, 1180 (9th Cir.), *cert. denied,*

444 U.S. 979, 100 S.Ct. 480 (1979), quoting *United States v. Birmley*, 529 F.2d 103, 108 (6th Cir.

1976).  *See also United States v. Ayers*, 924 F.2d 1468, 1483 (9th Cir. 1991) and *United States v.*

*Long*, 706 F.2d 1044, 1054 (9th Cir. 1983).

In *Giese*, the court noted that the indictment apprised the defendant of the federal

conspiracy offense with which he was charged and of the overt acts which allegedly contributed to

his participation in the conspiracy.  597 F.2d at 1180.  The court further noted that the government

provided the defendant with a large volume of information, including the physical evidence, grand

jury testimony, and memoranda which revealed the government's theory of the case.  The court

stated that "[f]ull discovery also obviates the need for a bill of particulars." *Id.  See also United*

*States v. Mitchell*, 744 F.2d 701,705 (9th Cir. 1984) ("These purposes are served if the indictment

4

itself provides sufficient details of the charges and if the Government provides full discovery to the defense."). The court also stated that a defendant is not entitled to a bill of particulars setting forth the times, dates, places and acts through which the Defendants allegedly joined and participated in the conspiracy. The court noted that this was equivalent to a request for complete discovery of the government's evidence which is not a purpose of the bill of particulars. *Giese*, 597 F.2d at 1181. *See also United States v. Kendall*, 665 F.2d 126, 135 (9th Cir. 1981) (The defendant's constitutional right is to know the offense with which he is charged, not the details of how it will be proved).

Defendant Jones argues that he needs a bill of particulars setting forth the dates, the named participants, specific places, and the substance of any conversation he engaged in which provide a basis for the charges against him. The Government responds that it has already provided substantial discovery to the Defendants, including transcripts of all grand jury testimony, the law enforcement agencies' investigation reports and search warrant affidavits. The Government asserts that evidence regarding Defendant Jones' conduct, as alleged in the indictment, is to be found in this discovery.[1] Defendant Jones' counsel represents, however, that he has reviewed the discovery referenced by Government's counsel and cannot determine therefrom when the alleged meetings or telephone conversations or the other conduct engaged in by Defendant Jones occurred. Defendant Jones' counsel also notes that the indictment alleges that Defendant met with investors *elsewhere*, but counsel cannot determine from the discovery where meetings outside of Defendant Jones' chambers took place.

Defendant Jones' strongest argument for a bill of particulars is that the alleged fraudulent scheme extended over a period of ten years. Although the indictment describes the overt acts that Defendant Jones committed in furtherance of the fraudulent conspiracy (i.e., meeting with and

---

[1] The Government has also produced voluminous electronically stored information, which the Defendants are in the process of organizing and reviewing. The Government's counsel stated during the hearing, however, that the Government's primary evidence against the Defendants is set forth in the grand jury testimony, investigative reports and affidavits already produced.

giving assurances to investors, drafting and reviewing documents associated with the sham investments, and funneling money through the joint account with Cecrle), it does not provide any time frames within the 10 year period as to when Defendant Jones allegedly engaged in these acts. The Court does not have the benefit of reviewing the discovery to determine whether the dates and locations of the meetings and other conduct allegedly engaged in by Defendant Jones can be found. To the extent that Defendant Jones argues that the evidence produced by the Government does not support the charges in the indictment, however, this is not a matter that is properly addressed by a bill of particulars.  In *United States v. Grace*, 401 F.Supp.2d 1103, 1114-15 (D. Mont. 2005) the defendants sought a bill of particulars in regard to an alleged scheme to defraud which spanned a period of eight years.  In denying defendant's motion, the court stated:

> The prosecution has not failed to present its theory regarding Count V.  The government alleges the existence of a scheme or artifice to defraud and alleges a wire transmission in furtherance of that scheme. Whether the government can show that such a scheme existed, and that the wire transmission was made in furtherance of that scheme, is a question of proof not to be decided at this stage.  The Defendants are entitled to know the government's theory; they are not entitled to force the government to show in advance of trial that it can prove the theory.

The indictment in this case describes with sufficient detail the conduct that Defendant Jones allegedly engaged in such that he and his counsel can understand the nature of the charges against him, and should be able to prepare for trial and avoid or minimize the danger of surprise at trial. The Government represents that it has made full disclosure of the evidence upon which the charges in the indictment are based and which, the Court infers, provide the dates or approximate dates of Defendant Jones' alleged meetings and telephone calls with investors or victims and also identifies the documents that he either drafted or reviewed in relation to the investments.  To the extent that Defendant can hereafter reasonably demonstrate that the discovery does not, in fact, disclose this information, then he may renew his motion for a bill of particulars.  "A defendant seeking particularization 'has the burden of showing by brief, affidavit or otherwise that nondisclosure would lead to prejudicial surprise or the obviation of opportunities for meaningful defense preparation.'"  *See United States v. Perry*, 2013 WL 3158078, *5 (D.Mass 2013), citing *United States v. Rogers*, 617 F.Supp. 1024, 1027 (D.Colo. 1985).

The circumstances regarding Defendant Wolfe's motion for a bill of particulars are different than those pertaining to Defendant Jones.  The indictment lumps Defendants Fenton, Wolfe, Hansen and Martin together in alleging that they "used the telephone, mail, internet, and other means and instrumentalities of interstate commerce to solicit money, lull investors, direct the movement of money, pick up and deliver money, establish and maintain bank accounts through which to move money, and to otherwise maintain the false and fraudulent pretense that defendant Cecrle was who he purported to be and that the fraudulent investments in fact existed." *Indictment (#1),* ¶ 16.  The indictment contains one alleged wire fraud transaction involving Defendant Wolfe--A Western Union Wire of $1,550 to defendant Terry Wolfe on May 8, 2007.  *Indictment (#1), pg. 6.*  It also alleges one count of laundering monetary instruments on May 27, 2008 involving Mr. Wolfe's bank account.  *Id., pg. 9.*  With the exception of these two counts, the indictment does not describe with any specificity the conduct allegedly engaged in by Mr. Wolfe.  Nor does it state whether Defendant Wolfe engaged in all or only some of the acts that are collectively charged against him and co-defendants Fenton, Hansen and Martin.

It does not appear, at least from the face of the indictment, that Defendant Wolfe was a central figure or participant in the alleged conspiracy, such as Defendants Cecrle or Jones.  Nor can it be determined from the indictment when Defendant Wolfe allegedly joined the conspiracy or participated in the activities charged in paragraph 16.  Defendant Wolfe's counsel stated at the hearing that it is extremely difficult to find references to Mr. Wolfe in the voluminous discovery that would reasonably apprise him and his counsel of the conduct in which he allegedly engaged. In support of his request for a bill of particulars, Defendant Wolfe cites *United States v. Bin Laden*, 92 F.Supp.2d 225, 234 (S.D.N.Y. 2000) in which the court noted that "sometimes, the large volume of material disclosed is precisely what necessitates a bill of particulars."[2]  *See also United States v.*

---

[2] *Bin Laden* concerned a pre-September 11, 2001 indictment against Osama Bin Laden and numerous other alleged co-conspirators in Al Qaeda which involved at least five distinct criminal/terrorist conspiracies.  92 F.Supp.2d at 227-228.  Although the indictment in this case concerns an alleged conspiracy that extended over a period of ten years, this case is not otherwise comparable in breadth or complexity to the indictment in *Bin Laden*.

*Bortnovsky*, 820 F.2d 572, 575 (2nd Cir. 1987) (holding that the district court erred in not granting defendant's request for a bill of particulars where the government provided "mountains of documents to defense counsel who were left unguided as to which documents would be proven falsified or which of some fifteen burglaries would be demonstrated to be staged."). A bill of particulars is not, however, intended to be used for discovery purposes. *United States v. Chan*, 2008 WL 5233585, *1 (E.D.Cal. 2008), citing *United States v. Shepard*, 462 F.3d 847, 860 (8th Cir. 2006).

These cases, as well as others, suggest that the court should strike an appropriate balance in granting a motion for a bill of particulars, without requiring the government to provide a detailed road map of all the evidence against the defendant.  *See United States v. Perry*, 2013 WL 3158078 (D.Mass. 2013) (partially granting defendant's request for bill of particulars); *United States v. Lockhart*, 2013 WL 5652702, *4 (E.D. Ky. 2013) (noting that the date of the charged offense alone may require a bill of particulars to help a defendant prepare for trial).  Given the general nature of the allegations against Defendant Wolfe, and the uncertainty as to the time period during which he allegedly participated in the conspiracy, the Court will grant his request for a bill of particulars as follows:  The bill of particulars should more specifically describe the alleged conduct in which Defendant Wolfe engaged in furtherance of the conspiracy or fraudulent scheme and provide the dates or approximate dates during which he engaged in those acts.

Although not mandated by this order, it may also be appropriate for Government's counsel to assist Defendants' counsel in identifying those portions of the produced discovery that pertain to their clients' involvement in the alleged conspiracy.  The Court encourages Government's counsel to provide such assistance to the extent it is reasonable to do so in light of the nature, volume or complexity of the discovery.

## CONCLUSION

Based on the foregoing,

**IT IS HEREBY ORDERED** that Defendant Steven E. Jones' Motion for Bill of Particulars (#105) is **denied**, without prejudice to renewing such motion if Defendant reasonably demonstrates that he cannot identify, through review of the discovery, the meetings, telephone calls

or  conversations alleged in the indictment, or the documents allegedly reviewed or drafted by him as charged in the indictment.

**IT IS FURTHER ORDERED** that Defendant Terry J. Wolfe's Joinder in Defendant Jones' Motion for Bill of Particulars (#106) is **granted** and the Government is ordered to provide Defendant Wolfe with a bill of particulars in accordance with this order.

DATED this 6th day of November, 2013.

GEORGE FOLEY, JR.
United States Magistrate Judge

9