1
2
3
4
5             **UNITED STATES DISTRICT COURT**
6               **DISTRICT OF NEVADA**
7

8 UNITED STATES OF AMERICA,          Case No.: 2:12-CR-00400

9            Plaintiff,

10 vs.                      **Order Overruling Defendant's Objection (#138), Adopting the Magistrate Judge's Findings & Recommendations, and Denying the Motion to Dismiss Indictment (#133)**

11 STEVEN E. JONES,

12            Defendant.

13

14                     **Introduction**

15        The October 24, 2012, indictment in this case charges Defendant Steven E. Jones and several

16 co-defendants with conspiracy to commit wire fraud, conspiracy to commit money laundering, wire

17 fraud, securities fraud, money transactions in property derived from specific unlawful activity, and

18 laundering of money instruments, all during specifically identified date ranges.  Doc.1  It alleges that

19 Jones abused his stature and office as a sitting judge in the Nevada state court system to sell a sham

20 high-yield-investment program to defraud investors out of millions of dollars.  *Id.*

21        Jones moved to dismiss the indictment.  Doc. 104.  He argues that the allegations of meetings

22 between himself and investors contain insufficient specificity as to dates, participants, place,

23 substance, and–particularly–his participation in the scheme, including details about when he

24 allegedly joined the conspiracy, attended the meetings by which he is alleged to have influenced

25 investors, or drafted any documents that perpetuated the scheme.  Without this information, Jones

26 argued, neither he, the Court, nor a jury can determine whether any overt act falls outside of the

27 relevant statute of limitations period.  *Id.* at 4.  Secondly, Defendant argued that the delay between

28 the alleged commencement of the conspiracy (September 2, 2002) and the return of the indictment

on (October 24, 2012) provides the additional basis for dismissal.  *Id*. at 6.

On November 8, 2013, Magistrate Judge Foley entered his Findings and Recommendation ("F & R") recommending the denial of Jones's motion.  Doc. 133.  Judge Foley reasoned that the indictment sufficiently alleged Jones's participation in overt acts in furtherance of the conspiracy and within 18 U.S.C. § 3282(a)'s five-year statute of limitations.  *Id.* at 8.  The Magistrate Judge also found that Jones failed to show that the Government's delay in filing its indictment resulted in actual, non-speculative prejudice to him.  *Id.*

Jones now objects to the denial on two grounds: (1) he has been unable to assess how the alleged overt acts relate to his involvement in the alleged conspiracies because the allegations leveled specifically against him are vague, Doc. 138 at 4; and (2) the form of the indictment has left him unable to articulate what form of pre-indictment delay prejudice he has suffered.  *Id.* at 5.  Having reviewed the Magistrate Judge's decision de novo, the Court now overrules Jones's objections, adopts the Magistrate Judge's F&R in its entirety, and denies Jones's motion to dismiss.

### Discussion

28 U.S.C. § 636(b)(1)(B),  Fed. R. Crim. P. 59(b), and LR IB 3-2(b), require this Court to review de novo those portions of a magistrate judge's specified findings or recommendations to which specific objections have been made.  This Court may accept, reject or modify, in whole or in part, the magistrate judge's findings and recommendations. LR IB 3-2.  The district court does not make an entirely de novo review of findings in dispositive pretrial matters to which no timely objection is made.  When no objection is entered against any proposed finding of fact, this "only relieves the trial court of its burden to give de novo review to factual findings; conclusions of law must still be reviewed de novo."  *Barilla v. Ervin*, 886 F.2d 1514, 1518 (9th Cir. 1989) (quoting *Britt v. Simi Valley Unified Sch. Dist.,* 708 F.2d 452, 454 (9th Cir. 1983)), *overruled on other grounds by Jacobus v. Alaska*, 338 F.3d 1095 (9th Cir. 2003); *United States v. Reyna-Tapia,* 328 F.3d 1114, 1121–22 (9th Cir. 2003) (en banc); *Karis v. Vasquez*, 828 F. Supp. 1449, 1455 (E.D. Cal. 1993).

For his objection, Jones:

> incorporates by reference all arguments made within his Motion to Dismiss Indictment for Violations of Statutes of limitations and/or Motion to Dismiss for Pre-Indictment Delay, Motion for Bill of

> Particulars, Reply to Government's Response to Defendant's Motion to Dismiss Indictment for Violations of Statutes of Limitations and/or Motion to Dismiss for Pre-Indictment Delay, and Reply to Government's Response to Defendant's Motion to Bill of Particulars.

Doc. 138 at 4 (internal citations omitted).  This inclusion-by-reference approach to lodging objections violates Rule 59(b)(2), which requires *"specific* written objections to the proposed findings and recommendations."  Fed. R. Crim. Proc. 59(b)(2) (emphasis added).  And LR IB 3-2(b) obligates the district judge to make a *de novo* determination of only "those portions of the specified findings or recommendations to which objections have been made."  As the Seventh Circuit's now-familiar maxim goes, "[j]udges are not like pigs, hunting for truffles buried in briefs." *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991); *see also Indep. Towers of Washington v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) (quoting *Dunkel*, 927 F.2d at 956).

To the extent Jones objects because he has not been able to assess how the alleged overt acts relate to his involvement in alleged conspiracies, the Court overrules the objection.  Doc. 138 at 4.  Defendant has not asserted a legal basis either in his moving papers or in his Objection that could provide this Court a basis for concluding that dismissal is appropriate at this stage.  In both his moving papers and his Objection, Jones relies on *United States v. Fuchs*, 218 F.3d 957, 962 (9th Cir. 2000), wherein the court held that the district court clearly erred by not providing the jury with a statute of limitations instruction after the defendants moved to dismiss the indictment for statute-of-limitations violations and prosecutorial delay.  But *Fuchs* offers no guidance when the defendant argues merely that he cannot assess from the face of the indictment how the acts alleged relate to his involvement, and such an objection simply does not disturb the Magistrate Judge's sound findings and recommendations this Court accepts on de novo review.  Therefore, this objection is overruled.

To the extent that Defendant objects to the form of the indictment because it has left him unable to articulate the form of prejudice he has suffered from the pre-indictment delay, this objection is overruled.  The Magistrate Judge properly relied on the two-step analysis under *United States v. Corona-Verbera*, 509 F.3d 1105, 1112 (9th Cir. 2007):

> First, he must prove actual, non-speculative prejudice from the delay. Second, the length of the delay is weighed against the reasons for the delay, and Corona–Verbera must show that the delay offends those fundamental conceptions of justice which lie at the base of our civil

and political institutions.

(internal quotations and citations omitted).  The Magistrate Judge rightly determined that while Jones identified three individuals who could have given him favorable testimony had they not died during the alleged pre-indictment delay, Jones failed to demonstrate with any certainty what these witnesses would have been able to testify to.  Moreover, the proposition that these witnesses would have been able to rebut the allegations against Jones undercuts his arguments that he cannot determine from the face of the indictment any details regarding when he joined the conspiracy, or attended the meetings by which he is alleged to have influenced investors, or drafted any documents that perpetuated the scheme.  Doc. 118 at 3.  Thus, the Court finds that Defendant has alleged merely speculative prejudice from the delay, declines to reach the second step of the *Corona-Verbena* analysis, and overrules this objection.

### Conclusion

**IT IS HEREBY ORDERED** that Magistrate Judge Foley's Findings and Recommendation, Doc. 133, are hereby **ACCEPTED** in their entirety;

**IT IS FURTHER ORDERED** that Defendant Steven E. Jones's Objections to Magistrate's Finding and Recommendation, Doc. 138, are **OVERRULED**;

**IT IS FURTHER ORDERED** that Jones's Motion to Dismiss Indictment, Doc. 104, is **DENIED**.

Dated this 13th day of March, 2014.

_____
Jennifer A. Dorsey
United States District Court Judge

4