**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
|                                 Judgment Creditor, ) | Case No.: 2:12-CR-400-JAD-GWF |
|         v. ) | **ORDER OF CONTINUING GARNISHMENT** |
| STEVEN E. JONES, ) | |
|                                 Judgment Debtor, ) | |
| and ) | |
| NEVADA PUBLIC EMPLOYEE RETIREMENT SYSTEM, and its successors or assigns, ) | |
|                                 Garnishee. ) | |

This matter came before the Court for hearing on April 4, 2016.

A Writ of Continuing Garnishment, directed to the Nevada Public Employee Retirement System ("Garnishee"), was duly issued and served upon both the Garnishee and Defendant Steven E. Jones ("Defendant") pursuant to 28 U.S.C. §§ 3202(c) and 3205. On November 13, 2015, pursuant to 28 U.S.C. § 3205(c)(4), the Garnishee filed its answer stating that at the time of the service of the Writ it had in its possession, custody or control "property" in which Defendant has an interest in the form of a Nevada PERS pension account.[1] Included with the Garnishee's answer were several

---

[1] The term "property" is a statutorily defined term and "includes any present or future interest, whether legal or equitable, in real, personal (including choses in actin), or mixed property, tangible or intangible, vested or contingent,

objections to the garnishment. *See* ECF No. 436. Pursuant to 28 U.S.C. § 3205(c)(5), the United States filed a timely response to the Garnishee's answer addressing the objections set forth therein and requested a hearing to address the Garnishee's objections. *See* ECF No. 437, 438. Defendant was properly served with the garnishment, but did not file an objection, request a hearing, or otherwise respond to the Garnishee's answer or the United States objection thereto.

Upon consideration of the briefing and oral argument presented in this matter,

**IT IS HEREBY ORDERED** that the objections set forth in the Garnishee's answer are overruled. The United States is authorized to collect restitution from Defendant's Nevada PERS pension account that is in the possession, custody or control of the Garnishee.

**IT IS FURTHER ORDERED** that, consistent with *United States v. Novak*, 476 F.3d 1041 (9th Cir. 2007), the United States steps into the shoes of the Defendant and has the right to elect immediate disbursement from the Nevada PERS pension account due to Defendant's vested property interest in his Nevada PERS pension account and eligibility for immediate disbursement.

**IT IS FURTHER ORDERED** that disbursement from the Nevada PERS pension account may begin immediately. The United States is authorized to make any election(s) and/or submissions necessary to begin disbursement from the Nevada PERS pension account. The Garnishee and United States shall confer regarding the appropriate mechanism and/or process to begin disbursement.

**IT IS FURTHER ORDERED** that the periodic payment by the Garnishee from the Nevada PERS pension benefit constitutes "disposable earnings" under the Consumer Credit Protection Act, *see* 18 U.S.C. §3613(a)(3), which limits garnishment to 25% of Defendant's "disposable earnings." *See* 15 U.S.C. § 1673(a)(1).

**IT IS FURTHER ORDERED** that the Garnishee must pay 25% of Defendant's disposable earnings for each periodic payment and continue to withhold and pay the United States all future payments until Defendant's debt is paid in full, or until the Garnishee no longer has custody,

---

wherever located and however held (including community property and property held in trust (including spendthrift and pension trusts))[.]" 28 U.S.C. § 3002(12).

possession, or control of any property belonging to Defendant, or until further order of this Court, whichever comes first.

Disposable earnings must be calculated by subtracting the following from wages, commissions, and income: 1) All necessary Federal taxes, including any income tax or FICA tax, and 2) All necessary Nevada taxes and Nevada statutory withholdings.

**IT IS FURTHER ORDERED** that the periodic payments from the Garnishee must be made payable to the Clerk of Court and mailed to: **Clerk, U.S. District Court, 333 Las Vegas Boulevard South, Room 1334, Las Vegas, Nevada 89101.** The periodic payments will be credited toward Defendant's outstanding criminal monetary penalties, including restitution, in the manner set forth in 18 U.S.C. § 3612(c).

Dated this 21st day of February 2017.

_____
Jennifer A. Dorsey
United States District Judge

3